## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWNTA BRABSON, | : | No. 3:26-CV-0458 |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| WARDEN F. GARZA, | : | |
| **Respondent** | : | |

## MEMORANDUM

Shawnta Brabson initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He asks the court to order the Federal Bureau of Prisons (BOP) to recalculate his projected release date and conditional prerelease placement date with consideration of his earned time credits under the First Step Act (FSA), Pub. L. 115-391, 132 Stat. 5194 (2018).  For the following reasons, the court will dismiss in part and deny in part Brabson's Section 2241 petition.

## I.    BACKGROUND

Brabson is currently serving a 204-month sentence imposed by the United States District Court for the Eastern District of Tennessee for controlled substance offenses.  (See Doc. 7-2 ¶ 3; Doc. 7-3 at 3).  His current projected release date, via good conduct time, is December 15, 2027.  (See Doc. 7-2 ¶ 3).

Brabson filed the instant Section 2241 petition in this court in February 2026. (See generally Doc. 1). In his petition, he claims that he should be eligible for application of FSA time credits and that the BOP is "artificially and unlawfully increasing/failing to correct 'PATTERN' scores" to prevent inmates from being released early pursuant to the FSA. (See id. at 1). Brabson does not indicate what his current PATTERN score or corresponding recidivism risk level is. He also appears to raise a completely undeveloped claim regarding placement in prerelease custody under the Second Chance Act of 2007 (SCA), Pub. L. No. 110-199, 122 Stat. 657 (2008). (See id. at 1, 2).

Respondent timely responded to Brabson's Section 2241 petition. (See generally Doc. 7). Brabson did not file a traverse, and the time for doing so has passed. His Section 2241 petition, therefore, is ripe for disposition.

## II.    DISCUSSION

Respondent contends that Brabson failed to exhaust administrative remedies as to his vague SCA claim. Respondent further maintains that Brabson's FSA claim is substantively meritless. Respondent is correct on both accounts.

### A.    Exhaustion of Administrative Remedies

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit

2

has consistently held that exhaustion applies to such claims.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."  Moscato, 98 F.3d at 761-62 (citations omitted).

The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.  See generally 28 C.F.R. §§ 542.10-.19.  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.  See id. §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.  See Moscato, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction.  See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is likewise not required when it would be futile.  Rose v. Lundy, 455

U.S. 509, 516 n.7 (1982); see Cottillion v. United Refining Co., 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (quoting D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002)).

The record plainly reflects that Brabson did not exhaust his administrative remedies with respect to any claim concerning the SCA. (See generally Docs. 7-4, 7-5 (exhausting only claims related to FSA); Doc. 7-5 at 4 (noting that his administrative remedy "is not even requesting benefits under [the] Second Chance Act")). Consequently, because Brabson failed to exhaust his SCA claim, this court is generally precluded from ruling on the merits of that portion of his Section 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996); Ryan v. United States, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing Moscato, 98 F.3d at 760)).

Brabson does not allege that his SCA claim would implicate only statutory construction. Moreover, his conclusory checkmark on a stock response that exhaustion would be "futile," (see Doc. 1 at 2), falls far short of making a "clear

4

and positive showing" of futility.  Additionally, as Respondent has indicated, due to Brabson's projected release date being December 15, 2027, his review for prerelease custody placement under the SCA will occur in due course under normal BOP timelines.  (See Doc. 7-2 ¶ 12).  Thus, dismissal of this unexhausted portion of Brabson's Section 2241 petition is required.

**B.    Merits of FSA Claim**

Brabson's claim regarding application of FSA time credits is meritless. While Brabson is able to earn FSA credits, he is presently ineligible for *application* of those credits under the plain language of the FSA.

If FSA time credits are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). See 18 U.S.C. § 3632(d)(4)(C) ("The Director of the Bureau of Prisons shall transfer eligible prisoners, *as determined under section 3624(g)*, into prerelease custody or supervised release." (emphasis added)).  Among other requirements, to be eligible for application of earned time credits, a prisoner must (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a "recidivism risk reduction" or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and (4) as pertains to prerelease custody,

5

have been determined under "the System" to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison; or, as to placement in supervised release, "been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." See 18 U.S.C. § 3624(g)(1); see also 28 C.F.R. § 523.44(b)-(d).

Brabson is currently a "high" recidivism risk inmate. (See Doc. 7-2 ¶¶ 8-10). Although his recidivism risk level had previously been lowered to "medium" in October 2022, that level returned to "high" following multiple disciplinary infractions. (See id. ¶ 10; Doc. 7-5 at 9 (indicating that Brabson has been found guilty of "five 100 series" disciplinary offenses, most recently a "code 101 Assaulting with Serious Injury")).

Section 3624(g) requires, for placement in prerelease custody, that the prisoner "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has individualized approval by the warden. See 18 U.S.C. § 3624(g)(1)(D)(i). For early transfer to supervised release, Section 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner," id. § 3624(g)(1)(D)(ii), or has

6

individualized approval by the warden, id. § 3624(g)(1)(D)(i)(II).  Under either scenario, application of time credits—that is, creating and implementing an earlier prerelease custody or release date based on FSA credits earned—cannot occur until the prisoner has been determined to be a minimum or low recidivism risk.  See Montgomery v. Barraza, No. 4:23-CV-00437, 2023 WL 4827083, at *2-3 (M.D. Pa. July 27, 2023) (Brann, C.J.); Bell v. Finley, No. 1:21-cv-925, 2022 WL 1721045, at *4 (M.D. Pa. May 27, 2022) (citing 18 U.S.C. § 3624(g)(1)(D)(i); 28 C.F.R. § 523.42(c)(2)(i)-(ii)); Hernandez v. Warden FPC-Lewisburg, No. 1:21-cv-0599, 2022 WL 452408, at *3 (M.D. Pa. Feb. 14, 2022); Moody v. Gubbiotti, Civ. No. 21-12004 (RMB), 2022 WL 4976308, at *6 (D.N.J. Oct. 3, 2022) (citing 18 U.S.C. § 3624(g)).

Brabson is currently a "high" recidivism risk.  Congress has determined that he will not be eligible for application of FSA time credits until, among other preconditions, that risk level is reduced to minimum or low.[1]  Furthermore, he has not alleged, much less established, how the BOP unlawfully increased or failed to

---

[1] Or the warden of Brabson's facility of incarceration has approved Brabson's petition for transfer to prerelease custody or supervised release despite his elevated recidivism risk level.  See 18 U.S.C. § 3624(g)(1)(D)(i)(II).  Although Brabson claims that the warden "arbitrarily and capriciously denied" his petition for transfer despite his "high" recidivism risk, (see Doc. 1 at 2), the record evidence reflects that Brabson did not make any such request, (see Doc. 7-2 ¶ 11).  This inconsistency may be the result of Brabson utilizing what appears to be a stock, prefabricated 2241 petition.

lower his recidivism risk level.  Accordingly, his FSA claim fails on the merits and will be denied.

## III.   CONCLUSION

Based on the foregoing, the court will dismiss in part and deny in part Brabson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 as more fully set forth above.  An appropriate Order follows.

Date: _____                     BY THE COURT:

_____
**JUDGE JULIA K. MUNLEY**
**United States District Court**